UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| LINDA J. NOFZIGER, ) | Case No. 6:04-bk-09253-KSJ |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| _____ | |
| ) | |
| MITCHEL KALMANSON, ) | |
| ) | |
| Plaintiff, ) | Adversary Proceeding 6:06-ap-35 |
| v. ) | |
| ) | |
| LINDA J. NOFZIGER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

MEMORANDUM OPINION ON
MOTION OF WILLIAM GLENN ROY JR. TO AMEND FINDINGS OF FACT

On June 2, 2008, this Court entered a lengthy Memorandum Opinion (Adv. Pro. 06-35, Doc. No. 146) ruling on multiple disputes between the debtor and Mitchel Kalmanson that were filed in the debtor's main bankruptcy case and in this related adversary proceeding. William Glenn Roy, Jr., an attorney for Kalmanson, now asks the Court to reconsider its ruling pursuant to Federal Rule of Civil Procedure 52(b) (Adv. Pro. 06-35, Doc. No. 154).

Motions for reconsideration are granted only under extraordinary circumstances due to interests in finality and conservation of judicial resources. In re Mathis, 312 B.R. 912, 914 (Bankr.S.D.Fla.2004); In re Homestead Partners, Ltd., 201 B.R. 1014, 1017 (Bankr. N.D. Ga. 1996). They are not appropriate vehicles to re-argue issues already resolved by the court or to raise new arguments. Sanderlin v. Seminole Tribe of Florida, 243 F.3d 1282, 1292 (11th Cir. 2001); In re Investors Florida Aggressive Growth Fund, Ltd., 168 B.R. 760, 768 (Bankr. N.D.Fla. 1994). Only three reasons merit reconsideration of a prior ruling: (1) a change in controlling law; (2) newly discovered evidence; or (3) a clear error of law or fact that results in manifest injustice. In re

Kellogg, 197 F.3d 1116 (11th Cir. 1999); In re Barber, 318 B.R. 921, 924 (Bankr. M.D. Ga. 2004); In re Investors Florida, 168 B.R. at 768.

In his timely filed motion for reconsideration, Roy argues that the Court erred because: (i) Roy did not knowingly violate the Protective Orders[1] when he filed the deposition of Arlynn Nofziger in Kalmanson's divorce case on March 9, 2007; (ii) even if the filing of Nofziger's deposition violated the Protective Orders, no harm resulted insofar as the state court already had sealed Kalmanson's divorce file; and (iii) Roy never attempted to find the debtor's address during a sworn statement he took of Arlynn Nofziger on April 6, 2007. Roy argues that, because these errors could damage his career, the Court should amend its findings to hold that any violation of the Court's Protective Orders on Roy's part was unintentional. After considering Roy's arguments and the law, the Court denies Roy's motion for reconsideration.

Here, Roy identifies no reasons the Court should amend its earlier ruling. He just reasserts arguments he already argued unsuccessfully at trial. First, Roy argues that he was not aware that the Protective Orders required Kalmanson and his attorneys to maintain the confidentiality of any discovery taken in the bankruptcy case that related to the debtor's former life. The orders also prohibited Kalmanson and his attorneys from using discovery taken in the bankruptcy case for any other purpose (Doc. No. 487, paragraph 3 in the Main Case). Roy, who had represented Kalmanson in the state divorce case beginning on June 13, 2006, contends he was not aware of these restrictions until March 12, 2007, three days after he filed Nofziger's deposition.

The Court addressed this issue in its prior ruling and did not, and still does not, find Roy's testimony on this point credible. Kalmanson was required to share the content of the Protective Orders with all of his lawyers. Further, Kalmanson was represented by a very competent lawyer in the debtor's bankruptcy case, David McFarlin, who also had a duty to transmit the restrictions of the

---

[1] Terms defined in the Memorandum Opinion (Doc. No. 146 in Adversary Proceeding 6-35) are used in the same manner in this opinion.

Protective Orders to Kalmanson's other lawyers. The Court cannot conclude that both Kalmanson and Mr. McFarlin violated their duty to provide Roy with information on the Protective Orders. Roy, in his own affidavit submitted in support of his current motion for reconsideration, acknowledges that McFarlin quickly sent him a copy of the third Protective Order on March 12, 2007, four days after the order was entered (Roy's Affidavit, paragraph 3(d)). Certainly, either Kalmanson or Mr. McFarlin previously had informed Roy of the provisions of the earlier Protective Orders. Roy knew of the confidentiality restrictions on discovery taken in the bankruptcy case and chose to ignore them when he filed Arlynn Nofziger's deposition in Kalmanson's divorce case.

Second, Roy argues, just as he did at trial, that, even if he was aware of the confidentiality restrictions, no harm resulted because the Kalmanson divorce file already was sealed. Again, the Court considered and previously rejected this argument. After carefully reviewing the docket of the Kalmanson divorce case, the Court concluded that the state court had sealed some but not the entire file. For example, the state court previously had sealed portions of the file containing Kalmanson's financial information. Nothing indicates that Nofziger's deposition was sealed from public view upon filing on March 9, 2007. Roy's own affidavit indicates that he did not seek to seal the file <u>in toto</u> until he filed a motion to seal, which publically referenced portions of Arlynn Nofziger's bankruptcy deposition. Obviously, if the file was completely sealed at that time, no motion to seal was needed.

Moreover, even if the Court erred in assessing the extent to which the state court file was sealed, the fact that the file was not available to the public is no excuse for Roy's failure to comply with the Protective Orders. The Court had ordered that discovery relating to the debtor's prior life remain confidential. The Protective Orders contained *no* exception for divulging confidential information in other litigation provided those other files were sealed. Filing the bankruptcy discovery, including Arlynn Nofziger's deposition, in any other forum, whether the file was sealed

or not, violated these orders, unless the party sought prior court approval, which Roy neither sought nor obtained.

Lastly, Roy argues he never sought any information regarding the debtor's current residence in the sworn statement Arlynn Nofziger provided to him on April 6, 2007. Again, Roy raised and the Court rejected this same exact argument at trial. During the sworn statement, Roy asked Arlynn Nofziger at least three questions clearly designed to elicit information on the debtor's current residence, information that the Protective Orders precluded Kalmanson and his attorneys from seeking. For example, Roy asked: "Do you know where she is today?"; "Based on this do you believe she's living in Tallahassee?"; and, "I'm trying to find her address." (Adv. Pro. No. 06-35, Doc. No. 146, p. 18).

Regarding the last question, "I'm trying to find her address," Roy contends the statement contains a scrivener's error, and that it should properly read "I'm *NOT* trying to find her address." Even if, for the sake of argument, the Court accepts Roy's position, there is still nothing to mitigate the fact that Roy asked the two earlier questions specifically designed to learn where the debtor currently lived. He offers no explanation why these questions would not violate the Protective Orders, even if the third question was ignored.

Roy has not demonstrated any basis for the Court to amend its ruling. He has not shown any change in controlling law, any newly discovered evidence, or any clear error of law or fact that justifies any modification of the Court's ruling. Accordingly, Roy's Motion is denied. A separate order consistent with this opinion shall be entered.

DONE AND ORDERED on July 2, 2008.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtor:  Linda J. Nofziger, #054, PO Box 2465, Harrisburg, PA  17105-2465

Trustee:  Carla Musselman, 1619 Druid Road, Maitland, FL  32751

Trustee's Attorney:  John H. Meininger, III, P.O. Box 1946, Orlando, FL  32802

United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL  32801

Plaintiff: Mitchel Kalmanson, P.O. Box 940008, Maitland, FL  32784

Plaintiff's Attorney:  David McFarlin, Esquire, 1851 West Colonial Drive, Orlando, FL 32804

William Glen Roy, Jr., 411 West Central Parkway, Altamonte Springs, FL  32714-2409

T.W. Ackert, Esquire, P.O. Box 2548, Winter Park, FL  32790