UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) <br> ) <br> LINDA J. NOFZIGER, ) <br> ) <br> Debtor. ) <br> ──────────────────── ) <br> ) <br> MITCHEL KALMANSON, ) <br> ) <br>     Plaintiff, ) <br> v. ) <br> ) <br> LINDA J. NOFZIGER, ) <br> ) <br>     Defendant. ) <br> ──────────────────── ) | Case No. 6:04-bk-09253-KSJ <br> Chapter 7 <br><br><br><br><br><br> Adversary Proceeding 6:06-ap-35 |

## MEMORANDUM OPINION ON KALMANSON'S MOTION FOR RECONSIDERATION

On June 2, 2008, this Court entered a lengthy Memorandum Opinion (Adv. Pro. 06-35, Doc. No. 146) ruling on multiple issues between the debtor and Mitchel Kalmanson that were filed in the debtor's main bankruptcy case and in this related adversary proceeding. Kalmanson now asks the Court to reconsider its ruling pursuant to Federal Rules of Civil Procedure 52, 59, and 60 (Adv. Pro. 06-35, Doc. No. 156). Kalmanson's motion is denied for the reasons explained below.

Motions for reconsideration are granted only under extraordinary circumstances due to interests in finality and conservation of judicial resources. In re Mathis, 312 B.R. 912, 914 (Bankr.S.D.Fla.2004); In re Homestead Partners, Ltd., 201 B.R. 1014, 1017 (Bankr. N.D. Ga. 1996). They are not appropriate vehicles to re-argue issues already resolved by the court or to raise new arguments. Sanderlin v. Seminole Tribe of Florida, 243 F.3d 1282, 1292 (11th Cir. 2001); In re Investors Florida Aggressive Growth Fund, Ltd., 168 B.R. 760, 768 (Bankr. N.D.Fla. 1994). Only three reasons merit reconsideration of a prior ruling: (1) a change in controlling law; (2) newly discovered evidence; or (3) a clear error of law or fact that results in manifest injustice. In re

Kellogg, 197 F.3d 1116 (11th Cir. 1999); In re Barber, 318 B.R. 921, 924 (Bankr. M.D. Ga. 2004); In re Investors Florida, 168 B.R. at 768.

Kalmanson, now acting *pro se*, does not assert that the law has changed or that he has acquired any newly discovered evidence after this Court entered its rulings.[1]  Kalmanson instead argues that reconsideration is justified because the Court failed to properly consider the evidence or to administer the case, which resulted in material errors of fact and law.[2]

Kalmanson obviously is upset with the rulings and with the Court.  He asserts that the Court harbors a personal bias against him.  His arguments, however, go only to the issues and arguments already made during the five-day trial of the disputes between the parties and considered by the Court in its Memorandum Opinion (Adv. Pro. 06-35, Doc. No. 146).

For example, Kalmanson argues the Court materially erred in not attributing more weight to Arlynn Nofziger's sworn statement and deposition testimony regarding the debtor's alleged misconduct.  However, the Court considered all evidence that was admitted at trial and gave it the weight it deemed appropriate after extensive analysis. Credibility determinations are the exclusive province of the finder of fact. U.S. v. Calderon, 127 F.3d 1314 (11th Cir. 1997).

---

[1] On June 24, 2008, Kalmanson filed a Notice of Judicial Notice of the Lake County Sheriff's Office Incident Report #2087896, which attaches what appears to be a criminal report taken by the Lake County Police Department on August 26, 2002.  This report was extensively discussed in the Court's Memorandum Opinion.  Without ruling on the admissibility of this belatedly filed material, the report is similar, if not identical, to evidence already considered by the Court.  Moreover, even if the report differs in some way from the one introduced during trial, Kalmanson has offered no reason his current version was not available prior to trial.  As such, this material does not constitute any "newly discovered" evidence.

[2] Requests to reconsider orders made pursuant to Federal Rule of Civil Procedure 60 are construed as motions to alter or amend a judgment pursuant to Rule 59(e) if the motions are filed within ten days of the trial court's entry of judgment. Here, Kalmanson filed his Motion for Reconsideration within this 10-day period and it shall thus be considered pursuant to Rule 59(e).  In re Mathis, 312 B.R. 912, 914 (Bankr.S.D.Fla.2004) (citing Hatfield v. Board of County Commissioners, 52 F.3d 858 (10th Cir.1995); accord Mendenhall v. Goldsmith, 59 F.3d 685 (7th Cir.1995); Goodman v. Lee, 988 F.2d 619 (5th Cir.1993)). The decision whether to alter or amend a judgment pursuant to Rule 59(e) is within a trial court judge's discretion and will not be overturned absent an abuse of discretion. American Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1238-39 (11th Cir.1985)).

By way of another example, Kalmanson argues that the Court should amend or delete footnote 19 of the Memorandum Opinion. In that footnote, the Court opined that it lacked jurisdiction to address certain claims made by the debtor in her various contempt motions filed against Kalmanson and his lawyers. In the footnote, the Court does not make any factual findings and, indeed, finds that these allegations are beyond the jurisdiction of this Court to consider. As such, there is no finding to "undo" and no legal conclusion to correct, insofar as the Court specifically declined to consider any of the debtor's other allegations.

Kalmanson has identified no meritorious issues for reconsideration. He simply disagrees with the way the Court viewed the facts, which does not constitute proper grounds for reconsideration of a prior ruling. In denying Kalmanson's motion for reconsideration, the Court does not contend that the Memorandum Opinion is flawless or that Kalmanson lacks appellate rights and remedies. The Memorandum Opinion contains this Court's best efforts to properly weigh the evidence and to render an appropriate ruling in this highly emotional case.

Kalmanson's Motion for Reconsideration is denied. A separate order consistent with the Memorandum Opinion shall be entered.

DONE AND ORDERED on July 2, 2008.

_____
KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtor:  Linda J. Nofziger, #054, PO Box 2465, Harrisburg, PA  17105-2465

Trustee:  Carla Musselman, 1619 Druid Road, Maitland, FL  32751

Trustee's Attorney:  John H. Meininger, III, P.O. Box 1946, Orlando, FL  32802

United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL  32801

Plaintiff: Mitchel Kalmanson, P.O. Box 940008, Maitland, FL  32784

Plaintiff's Attorney:  David McFarlin, Esquire, 1851 West Colonial Drive, Orlando, FL 32804

William Glen Roy, Jr., 411 West Central Parkway, Altamonte Springs, FL  32714-2409

T.W. Ackert, Esquire, P.O. Box 2548, Winter Park, FL  32790